UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DORA I. BROWN, <br><br> Plaintiff, <br><br> -against- <br><br> CUCS; WIFI RUSH-34; DIRECT_F2_HP_OFFICE JET PRO 6970, <br><br> Defendant. | 19-CV-6330 (CM) <br><br> ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se* and *in forma pauperis* (IFP), brings this action under the Court's federal question jurisdiction. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In this complaint, Plaintiff alleges that Defendants — CUCS, Wifi Rush-34, and Direct_F2_HP_Office Jet Pro 6970 — are interfering with her internet access and violating her privacy. Plaintiff lives in the St. George Hotel with other residents who receive services from CUCS "as the caregiver."

> CUCS also runs the communal computer room for those who do not have access to their own internet service and also provides for a fee access to a 'hotspot' provided by Wifi Rush (Network Cloud Management) Direct_F2_HP_Office Jet Pro 6970 provides the printing svcs. I provide my own services, internet, hotspot, printing. I am not a client of CUCS. I am a rent stabilized tenant in an affordable section 8 studio apartment. The violation of my privacy, digital technology tools, computer, iphone, & ipad have become unbearable since they have moved their communal computer room directly across the courtyard facing my studio apartment. CUCS has claimed ownership of my website name EV7 and has used its digital tools to violate my privacy collaborating with FIOS (Verizon) now that the abuse and harassment has become so virulent. Have reported it to Verizon which suggested I file a fraud case with their fraud team, my ability to do this has been blocked on my laptop computer, iphone and ipad. I am also filing a lawsuit against Verizon Fios also.

(ECF 1:19-CV-6330, 2.) Plaintiff seeks money damages.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not plead any facts showing that her claim arises under federal law.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff does not allege any facts in the complaint suggesting that there is diversity of citizenship. The Court therefore lacks diversity jurisdiction over this action.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## LITIGATION HISTORY AND WARNING

In a matter of weeks, Plaintiff has filed eight cases in this Court, including this action. *See Brown v. Microsoft Corp.*, ECF 1:19-CV-6649, 9 (S.D.N.Y. Sept. 30, 2019) (dismissed for lack of subject matter jurisdiction); *Brown v. Etemao*, ECF 1:19-CV-6286, 5 (S.D.N.Y. Aug. 5, 2019) (dismissed for lack of subject matter jurisdiction); *Brown v. Rosen*, ECF 1:19-CV-6786, 2 (S.D.N.Y. filed July 22, 2019); *Brown v. Apple Corp.*, ECF 1:19-CV-6648, 2 (S.D.N.Y. filed July 16, 2019); *Brown v. HP Inc.*, ECF 1:19-CV-6331, 5 (S.D.N.Y. Oct. 25, 2019)(dismissed for lack of subject matter jurisdiction); *Brown v. FIOS*, ECF 1:19-CV-6329, 4 (S.D.N.Y. Oct. 25, 2019) (dismissed for lack of subject matter jurisdiction with leave to replead); *Brown v. Automattic*, ECF 1:19-CV-6328, 2 (S.D.N.Y. filed July 8, 2019).

On August 9, 2019, Plaintiff was warned that further vexatious or frivolous litigation in this Court will result in an order barring her from filing any new actions IFP without prior permission. *See Brown*, ECF 1:19-CV-6649, 5; *see also* 28 U.S.C. § 1651. Plaintiff filed this action before that warning was issued. The Court now reiterates that warning. On September 20, 2019, Plaintiff was further warned that if she is unable to plead facts establishing diversity, the Court will issue an order directing Plaintiff to show cause why she should not be required to obtain permission from the Court before filing any new action. *See Brown*, ECF 1:19-CV-6328, 5.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is warned that further duplicative or frivolous litigation in this Court will result in an order barring her from filing new actions *in forma pauperis* without prior permission.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 1, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge